# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANDREW FRANCIS GAINOR,**

      **Plaintiff,**

v.                                                                           **Case No:  6:12-cv-299-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Andrew Gainor (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant maintains that the final decision of the Commissioner should be reversed and remanded for further proceedings because the Administrative Law Judge (the "ALJ") erred by failing to: 1) account for Claimant's moderate limitations in concentration, persistence, and pace in the ALJ's hypothetical question to the Vocational Expert (the "VE"); and 2) by giving "great weight" to the opinions of two non-examining physicians without adopting or discussing their opinions that Claimant is moderately limited in the ability to complete a normal workday and workweek, and to perform at a consistent pace without an unreasonable number and length of rest periods in the ALJ's residual functional capacity ("RFC") assessment. Doc. No. 17 at 1-18. For the reasons set forth below, it is recommended that the final decision be **AFFIRMED**.

**I.   BACKGROUND.**

Claimant was born on September 20, 1971, has a general education diploma ("GED") and Certified Nursing Assistant ("CNA") certificate. R. 30-31. Claimant has a very limited employment history, but worked as CNA for two months in 2002 and one month in 2003. R. 134. On August 4, 2009, Claimant filed an application for Supplemental Security Income benefits, alleging disability due to mental health issues. R. 57, 66, 106, 125.

**II.  MEDICAL AND OPINION EVIDENCE.**

The medical and opinion evidence set forth below is narrowly tailored to the issues Claimant has raised on appeal. The record does not contain any medical source opinion from a treating or examining physician regarding Claimant's ability to perform work related functions. From February 4, 2004 through June 3, 2011, mental status examinations reflect that Claimant's concentration and attention were "fair," "good" or "within normal limits." R. 343, 352-54, 356-57, 360, 362-64, 367-74, 377-82, 390, 392, 415-16, 441, 443, 446, 448, 451, 454. In Claimant's disability function report, he stated that he is not able to pay bills or use a checkbook because he gets easily confused, but he is able to follow written instructions and performs much better when provided instructions. R. 149, 151.

**A.  Dr. Gary Buffone, Ph.D. – November 2, 2009.**

On November 2, 2009, Dr. Gary Buffone, a psychologist, provided a non-examining Psychiatric Review Technique ("PRT") and a mental RFC based upon a review of the medical records. R. 394-410. In the PRT, Dr. Buffone opined that Claimant suffers from bipolar affective disorder by history, antisocial personality disorder, and polysubstance abuse disorder by history. R. 397, 401-02. Dr. Buffone opined that Claimant's impairments result in moderate difficulties maintaining concentration, persistence or pace. R. 404. Dr. Buffone provides a

detailed recitation of the medical record and opines that Claimant's "problems center around his extensive [history] of severe [substance abuse]." R. 406. Dr. Buffone states that Claimant, when sober and on his medications shows "definite improvement [with] little evidence of a severe mental impairment," but "some moderate limitations may apply." R. 406.

In his mental RFC, Dr. Buffone opines that Claimant is moderately limited in the ability to carry out detailed instructions and in the ability to complete a normal workday and workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 408-09. In all other areas of concentration and persistence, Dr. Buffone opines that Clamant is not significantly limited. R. 408-09. Dr. Buffone concludes:

> Claimant, due to some expected mood variability, may have difficulties [with] tasks involving sustained focus but <u>remains mentally capable of carrying out simple instructions and tasks</u> as reflected in [activities of daily living]. Claimant may have some problems [with] handleing [sic] criticism from supervisors or those in authority but is <u>able to interact appropriately on a limited basis</u>. Claimant may have difficulties [with] high stress/demand task situations and would likely benefit from assistance [with] goal planning.

R. 410 (emphasis added). Thus, Dr. Buffone ultimately opined that Claimant is capable of performing simple tasks, interacting appropriately on a limited basis, and would benefit from assistance with structured assistance or goal setting. R. 410.

**B.  Dr. Pamela Green, Ph.D. – April 27, 2010.**

On April 27, 2010, Dr. Pamela Green, a psychologist, provided a non-examining PRT and mental RFC based upon a review of the medical records. R. 421-438. In the PRT, Dr. Green opined that Claimant suffers from bipolar affective disorder by history, antisocial personality disorder, and polysubstance abuse by history. R. 424, 428-29. Dr. Green opined that Claimant's impairments resulted in moderate difficulties in maintaining concentration,

persistence, or pace.  R. 431.  Dr. Green provides a detailed review of the medical record and concurs with the findings of Dr. Buffone.  R. 433.

In the mental RFC, Dr. Green opines that Claimant is moderately limited in the ability to carry out detailed instructions and in the ability to complete a normal work day and workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods.  R. 435-36.  In all other areas of concentration and persistence, Dr. Green states that Claimant is not significantly limited.  R. 435-36.  Dr. Green concludes:

> [Claimant] would be able to understand and remember simple instructions, but may have more difficulties with more detailed instructions.  <u>[Claimant] would be able to complete simple tasks/work procedures and be able to make work decisions</u> but may have difficulty with maintaining attention and concentration for extended periods and at times may have difficulties carrying out detailed instructions.  [Claimant] is able to cooperate and be socially appropriate.  The [Claimant] may have difficulty accepting criticism from supervisors and peers.  <u>[Claimant] would be able to react and adapt appropriately to a low stress work environment</u>.  Remaining sober is encouraged.  Continued mental health treatment is recommended.  <u>[Claimant] is mentally capable of independently performing basic routine tasks on a sustained basis</u>.

R. 437 (emphasis added).  Thus, Dr. Green ultimately opined that Claimant is capable of performing basic routine tasks on a sustained basis and to understand and remember simple instructions, but may have difficulty with detailed instructions, maintaining concentration for extended periods, and accepting criticism from supervisors and peers.  R. 437.  Dr. Green also opined that Claimant is able to adapt to a low stress work environment.  R. 437.

### III.   ADMINISTRATIVE PROCEEDINGS.

Claimant's application was denied initially and upon reconsideration.  R. 53-54. Claimant requested a hearing before an ALJ and, on June 28, 2011, a hearing was held before ALJ Robert Droker.  R. 27-52.  Claimant and VE Mark Katzen were the only persons to testify at the hearing.  R. 27.

The VE testified that Claimant's past work as a CNA is medium, semi-skilled work. R. 47. The following exchange occurred between the ALJ and the VE:

> ALJ: Assume that the Claimant is 39 years old, has a high school, a GED. Assume further that I find that he can only perform light work and is further limited by the following exertional and non-exertional impairments. He needs to avoid ladders or unprotected heights. He needs to avoid the operation of heavy moving machinery. He needs to avoid concentrated dusts, fumes, or gases. He needs a low-stress work environment. He needs simple tasks, limited contact with the public. He can occasionally bend, crouch, kneel, stoop, squat, or crawl. He needs to avoid the operation of foot controls. Can the Claimant perform any of his past work, and if so, which jobs?
>
> VE: No sir. The past work is eliminated with these restrictions.
>
> ALJ: Go down to entry level and assume the [Claimant] has no skills, or semi-skills at all, and that his [vocational history] I previously described as the work experience and education previously stated. Assume further that he could perform light work and has the exertional and non-exertional limitations I originally described. Are there any entry-level jobs the Claimant could perform, and if so, could you give us the title of the job, the number of jobs in the region, which I define as the State of Florida. There are some non-included sedentary level jobs. Describe those as well, please.
>
> VE: Yes, sir. . . . [O]ne example is the title assembler, small products. . . . Another example is the title warehouse checker. . . . One other example with this title, table worker. . . .

R. 47-48. Thus, the VE testified that a hypothetical individual with the limitations described by the ALJ could not perform Claimant's past work as a CNA, but could perform work as a title assembler, warehouse checker, and table worker. R. 47-48.

On July 11, 2011, the ALJ issued a decision finding that the Claimant has not been disabled since July 8, 2009, the date the application was filed. R. 12-22. At step-two, the ALJ determined that Claimant has the following severe impairments: status post ankle fracture;

schizoaffective disorder; anxiety disorder; obsessive compulsive disorder; and drug and alcohol abuse. R. 14. The ALJ also determined that Claimant's mental impairments result in moderate difficulties in maintaining social functioning, and in maintaining concentration, persistence or pace. R. 15. With respect to Claimant's moderate limitations in concentration, persistence or pace, the ALJ stated:

> Mental status examinations show that the [C]laimant's attention and concentration were generally good. However, on his function report, the [C]laimant stated that he cannot pay bills or use his check book because he gets confused easily. He reported difficulties paying attention. However, he is able to follow instructions when given verbal instruction.

R. 15. Thus, the ALJ based his findings of moderate limitations in maintaining concentration, persistence or pace on "generally good" mental status examinations and Claimant's subjective statements on the disability function report. R. 15.

The ALJ determined that Claimant retains the RFC to:

> [P]erform less than light work. . . . The [C]laimant is capable of: occasionally lifting/carrying twenty pounds; frequently lifting/carrying 10 pounds; standing or walking six hours of an eight hour workday' and sitting six hours of an eight hour workday. The [C]laimant should avoid ladders, unprotected heights, and heavy, moving machinery. He is limited to occasionally bending, stooping, kneeling, crouching, and crawling. The [C]laimant should avoid concentrated dusts, fumes, or gases. He should avoid the operation of foot controls. The [C]laimant requires a low stress work environment with simple tasks. The [C]laimant requires limited contact with the public.

R. 16. Thus, among other limitations, the ALJ found that Claimant is limited to working in a low stress environment, simple tasks, and limited contact with the public. R. 16.

In discussing the medical record the ALJ repeatedly cited to Claimant's mental status examinations, which he described as good, unremarkable, and stable. R. 17-18. With respect to Drs. Buffone and Green, the ALJ stated:

> Gary Buffone, Ph.D. completed a mental [RFC] of the [C]laimant. Dr. Buffone opined that due to mood variability, the [C]laimant may have difficulties with tasks involving sustained focus, but he remains mentally capable of carrying out simple instructions and tasks as reflected in his activities of daily living. Dr. Buffone further opined that the [C]laimant may have problems with handling criticism from superiors, but is able to interact appropriately on a limited basis. In addition, he may have difficulties with high stress/demand task situations.
>
> A mental [RFC] performed by Pamela D. Green, Ph.D. indicated that the [C]laimant is able to understand and remember simple instructions, but may have difficulties with more detailed instructions. The [C]laimant may have difficulties maintaining attention and concentration for extended periods of time, but is able to complete simple tasks/work procedures. Dr. Green opined that the [C]laimant is able to cooperate and be socially tolerant, but may have difficulty accepting criticism. He is able to react and adapt appropriately to a low stress work environment. Ultimately, Dr. Green opined that the [C]laimant is capable of independently performing basic, routine tasks on a sustained basis.
>
> The opinions of Drs. Buffone and Green are generally consistent with the [C]laimant's testimony regarding his mental limitations. The undersigned finds that their opinions are also consistent with the objective medical evidence of record. Accordingly, the [ALJ] gives Dr. Buffone and Dr. Green's opinions great weight and adopts a mental [RFC] which limits the [C]laimant to a low stress work environment with simple tasks. In reaching this conclusion, the [ALJ] finds the [C]laimant credible to the extent that he would experience some social difficulties. The [RFC] was reduced to accommodate these limitations, including the requirement that the [C]laimant requires limited contact with the public.

R. 18-19. Thus, after describing the opinions of Drs. Buffone and Green, the ALJ gives them "great weight" and adopts a mental RFC consistent with their opinions, which limits the Claimant to a low stress environment with simple tasks and limited contact with the public. R. 18-19.

Based upon the RFC and the testimony of the VE, the ALJ found that Claimant is not capable of performing his past relevant work, but is capable of performing other work, including an assembler of small products, warehouse checker, and table worker. R. 21. Accordingly, the

ALJ determined that Claimant is not disabled.  R. 21-22.  The Appeals Council denied Claimant's request for review and, on February 22, 2012, Claimant appealed to the District Court.  R. 1-3; Doc. No. 1.

## IV.  LEGAL STANDARDS.

### A.  THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 CFR §§ 404.1520(a), 416.920(a).  In Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.  THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## V.   ANALYSIS.

### A.  Concentration, Persistence, Or Pace.

The parties are in disagreement as to the manner in which an ALJ may sufficiently account for a claimant's limitations in concentration, persistence, or pace in the RFC and in a hypothetical question to the VE. Doc. Nos. 17 at 6-15; 21 at 9-20. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227

(11th Cir. 2002). In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011), the Eleventh Circuit held that an ALJ may not generally account for a claimant's limitations in maintaining concentration, persistence, or pace by restricting the hypothetical question to simple, routine tasks, or unskilled work. *Id*. In *Winschel*, 631 F.3d at 1181, Court found that:

> In this case, the ALJ determined at step-two that [claimant's] mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested [claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical question. . . .
>
> Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of [the claimant's] impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that [the claimant] can perform significant numbers of jobs in the national economy.

*Id*. Thus, because the ALJ in *Winschel* did not indicate that the medical evidence suggested the claimant could still work despite limitations in maintaining concentration, persistence or pace, nor did the ALJ otherwise implicitly account for the limitation in the hypothetical question, the Eleventh Circuit remanded the case for the ALJ to pose a hypothetical question to the vocational expert which specifically accounted for the claimant's moderate limitations in maintaining concentration, persistence, and pace. *Id*.

In *Scott v. Commissioner of Social Security*, 2012 WL 5358868 at *2 (11th Cir. Oct. 31, 2012), the Eleventh Circuit more recently clarified that:

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace

> when the questions otherwise implicitly account for these limitations.

*Id*. (quoting *Winsche*l, 631 F.3d at 1180-81).[1] The court held that the ALJ correctly found the medical evidence showed Scott could complete simple tasks on a regular basis and adequately accounted for his moderate limitations in concentration, persistence, or pace by limiting his hypothetical to work that would require low stress, simple, unskilled, one, two or three step instructions. *Id*. Thus, where the medical evidence demonstrates that a claimant can still engage in simple, routine tasks or unskilled work despite limitations in maintaining concentration, persistence, or pace, or the ALJ otherwise accounts for such limitations in the hypothetical question to the vocational expert, the ALJ has adequately addressed such limitations. *Id*. *See also Jarrett v. Commissioner of Social Security*, 422 Fed.Appx. 869, 871-72 (11th Cir. 2011) (unpublished) (citing *Winschel*, 631 F.3d at 1181); *Dawson v. Commissioner of Social Security*, Case No. 6:11-cv-1128-Orl-31KRS, 2012 WL 1624267 at *2 (M.D. Fla. May 9, 2012) (*Winschel* "did not hold that limitations in concentration, persistence, or pace can never be accounted for by a functional limitation to performing simple, routine tasks or unskilled work.").

In this case, the ALJ, relying upon Claimant's "generally good" mental status examinations and responses in the function report, specifically found at step-two that the Claimant has moderate limitations in the ability to maintain concentration, persistence, or pace. R. 15. In determining the Claimant's RFC, the ALJ cited to Claimant's largely unremarkable mental status examinations and noted that Drs. Buffone and Green opined that Claimant is capable of performing simple, routine tasks in a low stress environment despite limitations in concentration, persistence or pace. R. 18-19. The ALJ gave their opinions great weight and adopted an RFC which restricts Claimant to jobs which require simple tasks in a low stress

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

environment.  R. 16, 18-19.[2]  The ALJ's hypothetical question to the VE also included a restriction to simple tasks in a low stress environment.  R. 47-48.  The evidence relied upon by the ALJ is sufficient to support the conclusion that despite moderate limitations in concentration, persistence, or pace, Claimant can perform simple tasks in a low stress environment.  R. 16, 18-19, 343, 352-54, 356-57, 360, 362-64, 367-74, 377-82, 390, 392, 394-410, 415-416, 421-438, 441, 443, 446, 448, 451, 454.  The ALJ also sufficiently accounted for Claimant's moderate limitations in the ability to maintain concentration, persistence, or pace by restricting the hypothetical question to simple tasks in a low stress environment.  Accordingly, it is recommended that the Court reject this argument.

### B. Moderate Limitations in Completing a Normal Workday or Workweek.

Claimant argues that the ALJ erred by giving "great weight" to the opinions of Drs. Buffone and Green without expressly accounting for specific limitations that they noted in Section I of their RFC opinions.  Doc. No. 17 at 15-17.[3]  The Commissioner maintains that the ALJ did not err because he thoroughly discussed and gave great weight to the ultimate conclusions of Drs. Buffone and Green and was not required to discuss, incorporate, or weigh each of their respective findings in Section I.  Doc. No. 21 at 5-9 (citing Program Operations Manual System ("POMS") DI 24510.060(B)(2)(a) ("Section I is merely a worksheet aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment.")).

---

[2] The record contains no opinions which contradict the opinions of Drs. Buffone and Green.
[3] Claimant also provided a Notice of Supplemental Authority, attaching *Conyers v. Commissioner of Social Security*, Case No. 6:11-cv-701-Orl-37DAB (M.D. Fla. June 22, 2012) (reversing and remanding in part because the ALJ did not discuss the claimant's moderate limitation in the ability to complete a normal workday/workweek and did not include it in the RFC or hypothetical question to the VE) in support of this argument on appeal.  Doc. No. 18.

In *Jones v. Commissioner of Social Security*, 478 Fed.Appx. 610, 612-13 (11th Cir. 2012) (unpublished), the Eleventh Circuit considered and rejected a similar argument. *Id.*[4] In *Jones*, 478 Fed.Appx. at 612, the claimant argued that the ALJ's RFC that he could perform and carry out simple and repetitive instructions and tasks on a sustained basis was not supported by substantial evidence because two evaluating doctors checked a box on their mental RFC assessments indicating that he was moderately limited in the ability to complete a normal workday or workweek without interruptions and perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* The Eleventh Circuit stated:

> This argument is also unavailing because it does not consider "*all* of the relevant medical and other evidence" that was before the ALJ. The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment." Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation. After checking the boxes as an "aid," a doctor is then required to detail his actual RFC assessment. *Id.*
>
> Consistent with these directives, both Dr. Zelenka and Dr. Bee, after checking the various boxes, elaborated on their opinions regarding Jones's ability to concentrate. Dr. Zelenka explained that Jones has "occasional" problems with his attention span, but that he otherwise "retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting." Similarly, Dr. Bee stated that Jones "may" have "occasional lapses in concentration and efficiency," but that he otherwise "appears mentally capable of well structured task activity." These opinions tend to support the ALJ's finding.
>
> . . . .
>
> At this juncture, it bears repeating that "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Rather, the question that we must answer is whether there is "more than a scintilla" of evidence such that "a reasonable person would accept [it] as adequate to support

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

> [the ALJ's] conclusion." Because the answer is yes, the Commissioner's decision must be affirmed.

*Id.* (emphasis in original) (internal citations omitted). Thus, the Eleventh Circuit indicated that checking a box in Section I of an RFC assessment form indicating the claimant is moderately limited does not constitute the doctor's actual RFC assessment and is merely an aid that requires the doctor to "detail his actual RFC assessment." *Id.*

As set forth above, both Drs. Buffone and Green checked the box in Section I of their mental RFC assessments indicating that Claimant is moderately limited in the ability to complete a normal workday or workweek without interruptions and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 408-09, 435-436. Nevertheless, their ultimate conclusions were that despite Claimant's mental limitations he retained the ability to perform simple tasks in a low stress environment. R. 410, 437. The ALJ gave great weight to those opinions and adopted an RFC which limits the Claimant to simple tasks in a low stress environment. R. 16, 18-19. Finding *Jones* persuasive, the undersigned concludes that the ALJ's RFC assessment is supported by substantial evidence. Accordingly, it is recommended that the Court reject this argument.

## VI.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that Court:

1. **AFFIRM** the final decision of the Commissioner;

2. Direct the Clerk to enter judgment in favor of the Commissioner; and

3. Direct the Clerk directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on January 9, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Robert Droker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224